IN COLUMBIA SUPERIOR COURT, JULY, 1832.

THOMAS COLVARD, Complainant, *vs.* BENJAMIN S. COXE, Administrator of ROBERT CRAWFORD, Defendant.

### Bill for Discovery and Relief.

THE object of this bill is to compel an account of the intestate's estate, and the payment to complainant of the distributive share to which Joel Crawford, one of the sons of the intestate was entitled, and which the complainant now claims as a purchaser at sheriff's sale. To this bill the defendant demurs, and insists as a ground of demurrer, that an equitable interest is not subject to seizure and sale by a sheriff, and that complainant can take nothing by his deed.

That a mere equitable interest is not subject to execution, is well settled; and it cannot be here necessary for the court to enter upon an argument to show why it should be so. That it is settled, must be sufficient with the court, until it can be made to appear that the decision is erroneous. But it would be most dangerous to suffer distributive shares to be sold under execution, as well on account of the confusion which would arise in settling estates, and the difficulty and uncertainty of obtaining sufficient discharges and indemnities by executors and administrators, as on account of the unavoidable sacrifice of the interest of distributees in the sale of a mere claim, which from its very nature is utterly inappreciable.

There is, too, a technical difficulty that cannot be obviated. The sheriff has no authority to sell, but what he derives from the writ. And that gives him the power to sell nothing but the defendant's goods and chattels, lands and tenements: A right to receive a distributive share can neither be considered the goods or chattels, lands or tenements of the distributee. Of whatever the estate may consist, it is the estate of the testator or intestate in the hands of the executor or administrator until distribution.

The authorities are numerous and clear. Scott *v.* Scholey and Another, 8 East, 467. Metcalf and Another *v.* Scholey and Another, 5 B. & P. 461. Lyster *v.* Dolland, 1 Ves. jr. 431. Wilkes and Fontaine *v.* Ferris, Sheriff, 5 John. Rep. 335. Hendricks *v.* Robinson, Franklin and Others, 2 John.

*An equitable interest is not subject to seizure and sale by a sheriff.*

*A sheriff can sell nothing but goods and chattels, lands and tenements; a right to receive a distributive share of an estate, is neither.*

COLUMBIA,
July, 1832.

COLYARD
v.
COXE.

Ch. Rep. 283. In this case the Chancellor says "I do not know of any case in which a court of equity has considered an execution at law as binding an equitable right. The idea is altogether inadmissible."

The demurrer is allowed.

BALL, for complainant.

MILLER, for defendant.